## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | |
|---|---|
| CINDY LEE NEWELL | ) |
| | ) |
| v. | ) Case No. 1:18-CV-114-PLR-CHS |
| | ) |
| WILLIAM JAMES DEMOSS and | ) |
| REBEKKAH MAE CARROLL | ) |
| BURNETTE DEMOSS | ) |

## AMENDED REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation replaces and supersedes the Report and Recommendation filed on July 31, 2018 [Doc. 12]. Plaintiff Cindy Lee Newell, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude her complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs – including non-prisoners seeking *in forma pauperis* status – and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

**II.    Facts**

This action centers on the custody dispute between Plaintiff and William James DeMoss concerning their 18 year old daughter, Monique Alissa Gabriel DeMoss.  Plaintiff alleges the following:

- Plaintiff currently resides in the Netherlands, and she seeks custody of her daughter, Monique, under the Hague Convention. [Complaint, Page ID # 25][1].

- Mr. DeMoss, Monique's father, resides in Bradley County, Tennessee. [*Id.*, Page ID # 26].

- At some earlier point in time, Plaintiff and Mr. DeMoss resided together in Texas where Monique was born. [*Id.*, Page ID # 28].

- Plaintiff's and Mr. DeMoss' relationship ended and, eventually, Plaintiff returned to the Netherlands.

- Mr. DeMoss took Monique to Bradley County, Tennessee, where the Bradley County, Tennessee, Circuit Court gave Mr. DeMoss sole custody of Monique on July 24, 2014.   [*Id.* Page ID # 25-33.]

- The papers filed by Plaintiff indicate the relationship between Plaintiff and Mr. DeMoss has been extremely acrimonious.

- Monique turned 18 years old just before Plaintiff filed this action on June 1, 2018. [*Id.* at Page ID # 74].

- It is alleged that Mr. DeMoss has been abusive to Plaintiff and Monique. [*Id.*, Page ID # 27],

- It is alleged that Mr. DeMoss and his wife, Rebekkah Mae Carroll Burnette DeMoss, slandered Plaintiff during the custodial proceedings. [*Id.*].

- It is alleged that the Bradley County Circuit Court and Judge Michael Sharp acted "outside their jurisdiction" and did not follow "proper procedure" during the custodial proceedings. [*Id.*].

---

[1] Page ID # numbers are the numbers assigned to every page of every filing in sequential order in the electronic court record and are found in the bottom right corner of each page.

Plaintiff also alleges wrongdoing on the part of Mr. DeMoss' attorney, Arthur Bass, but it is unclear to this Court what Plaintiff alleges was Mr. Bass' wrongful conduct. [*See Id.*].

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN*, *Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Analysis

Plaintiff seeks the return of her daughter, Monique, under the Hague Convention. The International Child Abduction Remedies Act ("ICARA") codifies the Hague Convention and establishes procedures for its implementation in the United States. 22 U.S.C. § 9001(b)(1); *March v. Levine*, 249 F.3d 462, 465 (6th Cir. 2001). Pursuant to 22 U.S.C. § 9101(11), a "child" is defined by the ICARA as "an individual who has not attained 16 years of age." Since Monique is older than 16 years of age, the ICARA cannot apply, and Plaintiff fails to state a viable claim under ICARA and the Hague Convention.

To the extent that Plaintiff seeks to bring an action against Mr. DeMoss for personal injury to herself under Tennessee law, Tennessee provides a one year statute of limitations period. Tenn. Code Ann. § 28-3-104(a)(1). Based on the pleadings, Plaintiff has not had contact with Mr. DeMoss since January 16, 2012. [ *Id.*, Page ID # 29]. Consequently, the time period for any tort claim alleging injuries to Plaintiff by Mr. DeMoss appears to have expired.

Plaintiff also alleges that Mr. and Mrs. DeMoss slandered her, and that such slander contributed to her losing custody of Monique. The statute of limitations for bringing a claim of slander under Tennessee law is six months. Tenn. Code Ann. § 28-3-103. Since the Bradley County Circuit Court granted custody of Monique to Mr. DeMoss about four years ago, the time period for asserting a slander claim has expired.

Plaintiff also challenges the custody decision of Judge Michael Sharp of the Bradley County Circuit Court. To the extent that Plaintiff seeks a review of the state court decision, this Court lacks jurisdiction to review his claim pursuant to the doctrine developed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the so-called "*Rooker-Feldman* doctrine," federal district courts lack subject matter jurisdiction to consider "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Cornelius v. Mich. Att'y Grievance Comm'n*, 510 F. App'x 404, 406 (6th Cir. 2013) (per curiam) (quoting *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006)); *see also Berry v. Schmitt*, 688 F.3d 290, 299-300 (6th Cir. 2012). This Court is not a "super-appellate" court, in which a party believing himself aggrieved by a state court may file suit. Insofar as Plaintiff believes the actions of the Circuit Court of Bradley County, Tennessee, were erroneous, the appropriate remedy was an appeal in state court, not a separate federal lawsuit.

Furthermore Judge Sharp is entitled to judicial immunity. Judicial immunity attaches to actions undertaken in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-229 (1988). An action taken in a judicial capacity is a function normally performed by a judge. *See Stump v. Sparkman,* 435 U.S. 349 (1978). An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (citing *Stump*, 435 U.S. at 356-59). Judge Sharp's decision in a custody dispute brought in the Circuit Court of Bradley County, Tennessee is well within his role as a judicial officer. This action is properly dismissed.

Any claim against Attorney Arthur Bass is properly dismissed because the Court cannot determine the factual basis for the claim and declines to speculate.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be DISMISSED and the application for *in forma pauperis* status be **DENIED** as moot.[2]

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88

5

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).